IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| LUIS DAVID VELARDE GARCIA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. |
| | § | |
| ROBERT JOSHEP BACA, and | § | |
| SHAMROCK FOODS COMPANY | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANT ROBERT BACA'S NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** ROBERT BACA, a Defendant in the above-entitled and captioned cause, and submits his Notice of Removal, and for jurisdiction respectfully shows the following:

1.      This party is named as a Defendant in the case styled *Luis Velarde Garcia vs. Robert Joshep Baca and Shamrock Foods Company;* Cause No. 2021DCV3804, pending in the County Court at Law Number Three of El Paso County, Texas (hereinafter "The State Court Action"). The State Court Action arises out of a truck/auto accident that occurred in El Paso County, Texas on or about 12/16/19. Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in The State Court Action are being filed with this Notice, and are attached as Exhibit "A".

2.      In Plaintiff's Original Petition, its operative pleading, Plaintiff alleges to be a "resident of El Paso County, Texas," which upon information and belief, is correct. The police report regarding the accident in question, together with Plaintiff's Texas Commercial Driver's License referred to in the report are attached as Exhibits "B" and "C" respectively. As shown, Plaintiff is

licensed in the State of Texas and lists his address at 712 S. Stanton St., El Paso, Texas, 79901. Although Plaintiff fails to specifically identify his "citizenship," upon information and belief Defendant alleges that Plaintiff was, and is a citizen of the State of Texas. Plaintiff has never alleged, nor is there any evidence showing that the Plaintiff is, or ever has been a citizen of either the State of New Mexico or State of Arizona, which are the Defendants' states of citizenship, as set forth below.

3.      Plaintiff further alleges that Defendant is a "resident of Hatch, New Mexico" with an address at 250 School St., Hatch NM 87937, which is partially correct. Defendant lived in Hatch, New Mexico at the time of this accident, and in Rincon, New Mexico at the time this lawsuit was filed and continues to live there today. Both are in Dona Ana County, New Mexico. Defendant has at all times been a citizen of the State of New Mexico. Defendant's affidavit is attached as Exhibit "D" and incorporated by reference herein as if fully set forth at length.

4.      Plaintiff further alleges that Defendant "Shamrock Foods Company is a foreign for-profit corporation." This is correct. Shamrock Foods Company (hereinafter "Shamrock") was, and still is an Arizona corporation, both incorporated and having its principal place of business in the State of Arizona at the time this lawsuit was filed and continuing to the present. The Affidavit of Natalie Wright is attached as Exhibit "E" and incorporated by reference as if fully set forth at length. As such, Defendant Shamrock was and is a citizen of the State of Arizona.

5.      The State Court Action commenced on October 28, 2021 with the filing of Plaintiff's Original Petition. Defendant Shamrock was served on November 15, 2021 via its registered agent for service. This Defendant was served on December 31, 2021 by certified mail at his P.O. Box in Hatch, New Mexico.

6.  Plaintiff's Original Petition seeks actual and exemplary damages in an amount "*over $250,000 but no more than $1,000,000*" (emphasis added). In addition, the petition asserts that Plaintiff suffered damages including medical expenses, pain, mental anguish and physical impairment, both in the past and continuing into the future. Plaintiff also seeks a non-specified amount of exemplary damages.

7.  The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). Under Texas law, the Plaintiffs are only required to plead a range of monetary relief sought in their original pleading. *See* Tex. R. Civ. P. 47 (c). If the state's practice does not permit demands for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* § 1446(c)(2)(A)(ii). In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3–7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2–4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). That being said, a Plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District

Court of jurisdiction. *Gutierrez*, 2011 WL 318294 at *5. In this case, Plaintiff has asserted an extensive list of damages, including medical care, physical impairment, physical pain, emotional distress, and mental anguish, all in the past and continuing in the future. Plaintiff has pleaded this case as being worth between $250,000 and $1,000,000. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in the Plaintiff's Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

8.     This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen of the State of Texas, Defendant Shamrock is, for removal purposes, considered a citizen of the State of Arizona, and this Defendant is a citizen of the State of New Mexico, where he has lived and worked at all times pertinent to this suit. As such, there is complete diversity of citizenship between the parties. Diversity would still exist even if Plaintiff is not a Texas citizen, unless he was a citizen of Arizona or New Mexico, which is not even alleged. Also, assuming that Plaintiff demanded the sum in his Original Petition in good faith, then at least $250,000 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

9.     This Notice is timely filed pursuant to 28 U.S.C. §1446(b), since it was filed within thirty (30) days of the receipt by this Defendant of Plaintiff's Original Petition from which it could first be ascertained that the case was removable and less than one (1) year after commencement of The State Court Action.

10.    Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as the District and Division where The State Court Action is pending.

11.    As shown by Exhibit "E", Defendant Shamrock consents to removal of this action to this

Honorable Court. Shamrock is also represented by undersigned counsel, who also consents.

12. Pursuant to 28. U.S.C. § 1446(d), Defendant will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that all parties take notice of the above and forgoing removal, that pursuant to the above-referenced authorities this Honorable Court exercise jurisdiction over the parties and subject matter in this case, and that Defendant be granted such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Fax:    (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: mundell@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I, **Darryl S. Vereen**, hereby certify that on this _28_ day of January, 2021, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorney(s) of record: Daniela Labinoti, Esq., daniela@labinotilaw.com, 707 Myrtle Avenue, El Paso, Texas 79901.

_____
Darryl S. Vereen